IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PETER HERNANDEZ, #B00337,
    Plaintiff,

vs.                                    Case No: 3:07cv185/LAC/EMT

CENTURY CORRECTIONAL INSTITUTION, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

       This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 9).

       Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Section IV.C. of the complaint form asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 6). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "No" (*id.*). Section IV.D. of the civil rights complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to this

question, Plaintiff marked "No" (*id*.).  Thus, Plaintiff has in effect stated that he has initiated no lawsuits in state or federal court that relate to the fact or manner of his incarceration or the conditions of his confinement, and he has never had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 8).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, May 1, 2007, he had previously filed Hernandez v. Charlotte Correctional Institution Staff, Case No. 2:06cv608/FTM-29SPC in the United States District Court for the Middle District of Florida.[1]  Further review reveals that Hernandez v. Charlotte Correctional Institution Staff, Case No. 2:06cv608/FTM-29SPC, dealt with the conditions of Plaintiff's confinement as Plaintiff claimed that an officer from Charlotte Correctional Institution racially discriminated against him by issuing him a false disciplinary report.  Hernandez v. Charlotte Correctional Institution Staff, Case No. 2:06cv608/FTM-29SPC, Doc. 1, Petition.  The court denied Plaintiff's petition for mandamus prior to service on the ground that the court did not have jurisdiction to compel performance by a state, as opposed to a federal, official.  *Id.*, Doc. 10, Opinion and Order.  Plaintiff did not list this case in Section IV of the complaint form, even though it qualified as a federal court action that related to the fact or manner of his incarceration or the conditions of his confinement.  *See* In Re: Billy D. Jacobs, a/k/a Ya qub, 213 F.3d 289 (5th Cir. 2000) (holding that after he was granted leave under the PLRA to proceed in forma pauperis in the district court, and his case was still under initial review for frivolousness as required by 28 U.S.C. § 1915A, appellant's mandamus petition in the Court of Appeals seeking to compel the district court to order service on the defendants was inappropriate, hindered the initial review process, and was subject to dismissal as frivolous and counted as a strike under 28 U.S.C. § 1915(g), the PLRA's three strikes provision); Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) (holding that mandamus petitions qualify

---

[1]The inmate number of the plaintiff in Case No. 2:06cv608 is the same as Plaintiff's.  *See* Hernandez v. Charlotte Correctional Institution Staff , 2:06cv608/FTM/29SPC, Petition.


as "civil actions" under § 1915(g), and that plaintiff with three prior strikes under the statute could not be permitted to continue filing actions by merely framing pleadings as petitions for writs of mandamus since to do so would allow a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits); In Re: Michael C. Washington, 122 F.3d 1345 (10th Cir. 1997) (petitions for writ of mandamus qualify as "civil actions" under § 1915(g)); Thompson v. Sheriff of Broward County, No. 06-61836-CIV-COHN/WHITE, 2007 WL 419352, at *4 (S.D. Fla. Feb. 5, 2007) (petitions for mandamus against either federal officials or against state officials qualify as "civil actions" under 28 U.S.C. § 1915(g)); Hicks v. Brysch, 989 F. Supp. 797 (W.D. Tex.1997) (in an in forma pauperis § 1983 action against state court clerk for mandamus, monetary and injunctive relief, mandamus could not be granted where the defendant was an elected County official, not a federal officer, agent, or employee, and suit was legally frivolous, requiring dismissal under in forma pauperis statute as amended by the PLRA).  *Cf.* Martin v. United States, 96 F.3d 853 (7th Cir. 1996) (if defendant's petition for writ of mandamus arises from civil litigation, the petition must conform with the PLRA, however if petition arises from criminal litigation, petition need not comply with the Act).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995.  *See* 28 U.S.C. § 1915(g).  The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations.  Plaintiff has affirmatively misrepresented the facts to this court.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be

confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 19th day of July 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**